# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAMON T. GEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-208 JVB |
| | ) |
| SUPERINTENDENT, WABASH | ) |
| VALLEY CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Damon T. Gee, a prisoner confined at the Wabash Valley Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Miami Correctional Facility. The Disciplinary Hearing Board ("DHB") found the petitioner guilty of offering a bribe or anything of value to a staff member, imposed a loss of 180 days of earned credit time, and demoted him to a lower credit time earning classification. Gee appealed unsuccessfully to the Superintendent and the final reviewing authority.[1]

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present exculpatory evidence in defense when consistent with institutional safety and correctional

---

[1] On October 28, 2008, the Court granted the petitioner's motion for an extension of time to file his traverse (DE 8 & 9). The Court gave the petitioner up to and including December 5, 2008, to file his traverse. The petitioner, however, never filed his traverse or requested an additional extension of time in which to file his traverse. Furthermore, in the petitioner's motion, he indicated that he was due to be released from prison on November 3, 2008 (DE 8).

goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Gee asserts that the DHB violated the Indiana Department of Correction's evidence rule that provides that inmates may request physical or documentary evidence. Although Gee framed this claim as a violation of Indiana Department of Correction rules, the Constitution's Due Process Clause also guarantees inmates the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 566.

Gee argues that because he "was standing by the door when verbally saying the allege[d] bribe out-loud that the Control Pod Officer would have heard too." (Brief in Support of Application at 3.) The Control Pod Officer did not testify or provide a statement. The petitioner could have requested a statement from the Pod Officer if he believed the officer's testimony would be exculpatory, but he did not. The Notice of Disciplinary Hearing (Screening Report) submitted by the respondent as part of the administrative record establishes that when the petitioner was screened he did not ask for the Pod Officer as a witness. (DE 7, Ex. B.) Nor does Gee allege that he asked for the Pod Officer as a witness any time before the hearing or even at the hearing.

Prisoners charged with offenses that could lead to the loss of earned credit time have a qualified right to present exculpatory evidence. But prisoners may waive the right to present evidence by not requesting it prior to the hearing. In *Piggie v. Cotton*, 344 F.3d 674, 677–78 (7th Cir.2003) the United States Court of Appeals for the Seventh Circuit stated, "the rule of *Brady v.*

*Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *See also Chavis v. Rowe*, 643 F.2d 1281, 1285–86 (7th Cir.1981). Disclosure was not an issue here because the petitioner knew about the Pod Officer from the beginning, but under *Piggie*, he could have requested the Pod Officer as a witness. But unlike the petitioner in *Piggie*, who was denied evidence he requested prior to the hearing, Gee does not assert that he attempted to request the Pod Officer before the hearing, which constitutes a waiver of his right to call this witness at the hearing.

In ground two of his petition, Gee asserts the DHB did not follow the Indiana Department of Correction's Adult Disciplinary Procedures ("ADP") when it allowed "stacking" of charges. But § 2254(a) provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774–75 (N.D.Ind. 1997). Accordingly, that the DHB may not have followed procedures established by the Indiana Department of Correction states no claim upon which habeas corpus relief can be granted.

In ground three of his petition, Gee assets that the DHB violated the "some evidence" rule which requires some evidence to support guilt. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. The "some evidence"

3

standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Hill*, 472 U.S. at 455–56. In this case, the conduct report states that Gee said he would give the reporting officer money if he threw away a cell phone found in Gee's cell instead of writing him up. (DE 7, Ex. A.) The reporting officer was a witness to Gee's statement and the DHB relied on this eye witness statement to find Gee guilty. (DE 7, Ex. F.) The reporting officer's statement, by itself, provides sufficient evidence to support a finding of guilt on the charge of offering a bribe or anything of value to a staff member.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on January 16, 2009.

s /Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION